

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Perez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Perez v. Comm Social Security" (2004). *2004 Decisions*. Paper 809.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/809

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3597

DAPHNE PEREZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge:  The Honorable Faith S. Hochberg
(D.C. No. 02-cv-01282)

_____

Submitted under Third Circuit LAR 34.1
on March 25, 2004

Before:  FUENTES, SMITH, and
JOHN R. GIBSON,[*] *Circuit Judges*

(Filed: April 19, 2004)

_____

OPINION OF THE COURT
_____

JOHN R. GIBSON, *Circuit Judge*.

---

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Daphne Perez appeals from the district court's entry of judgment in favor of the Commissioner of Social Security in Perez's suit to establish her entitlement to Disabled Widow's Benefits and Supplemental Security Income. The only point in dispute is whether there was substantial evidence to support the finding of the administrative law judge (known as the ALJ) that Perez retained the residual capacity to perform her past work of child-care worker. We affirm the judgment of the district court.

We have jurisdiction to review this case under 42 U.S.C.§ 405(g) (2000) and 28 U.S.C. § 1291 (2000). We, like the district court, review the ALJ's findings of fact under the substantial evidence standard. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). We shall therefore affirm if the ALJ's findings are supported by such relevant evidence as a reasonable mind might accept as adequate. Id.

The ALJ analyzed Perez's disability claims using the familiar five-step sequence prescribed in 20 C.F.R. §§ 404.1520 and 416.920 (2001). The claimant bears the burden of persuasion through the first four steps of the sequence, and only if the analysis proceeds to the fifth step does the burden shift to the Commissioner. Burns, 312 F.3d at 119. The ALJ found at steps one through three that Perez has not worked since 1992, that she has a severe impairment involving herniated discs in her neck and lower back, and that her condition does not meet or equal the impairments listed in Appendix 1, Subpart P to 20 C.F.R. Pt. 404. The ALJ determined at step four that Perez retained the residual capacity to perform light work, including lifting and carrying objects weighing up to

2

twenty pounds, frequently lifting objects weighing up to ten pounds, and standing, walking, and sitting up to six hours in an eight-hour day. The ALJ found that Perez had past relevant work as a child-care worker (also referred to as nursery school attendant) and that this job fit within the category of light exertional level. The ALJ accordingly found Perez retained the ability to do her past work and she was not disabled.

Perez contends that the job of child care worker exceeds the light exertional level because in her past work she was required to lift weights of up to fifty pounds. She testified at the hearing that she was required to lift more than twenty pounds and she stated in a vocational report that she was required to lift up to fifty pounds. However, she stated in her disability report that the heaviest weight she lifted at the job was twenty pounds. As finder of fact, the ALJ was entitled to choose between Perez's own accounts. Moreover, the ALJ was entitled to consider whether Perez could perform the job as it is customarily performed in the national economy, Social Security Ruling 82-61 and 82-62, and to take into account the Department of Labor's <u>Dictionary of Occupational Titles</u> (4th ed. 1991). The description of nursery school attendant in the <u>Dictionary of Occupational Titles</u> § 359.677-018 categorizes this job in the light exertional level. The ALJ's determination that Perez could perform the job was supported by substantial evidence.

We affirm the judgment of the district court.

_____